I , PER CURIAM *
Respondent, Charles E. Bourg, II, commingled and converted client funds received as part of a settlement from his clients’ medical insurer. After receiving and depositing settlement drafts in his trust account in May, 1990 in the amount of $6,899.05 and $2,112.00, respondent failed to pay his clients’ health care providers out of the funds as he said he would, commingling and converting to his own use $2,222.30 from one client and $1,479.00 from another. His clients were forced to contact another attorney. The attorney contacted respondent, who assured him that the cheeks to the health care providers would be mailed that day. However, bank records introduced into evidence showed that respondent did not have sufficient funds in his account to cover the cheeks for the health care providers. On June 29, 1990, respondent made two cash deposits in his trust account totalling $7,000, which were used to pay the health care providers.
After a formal hearing, the hearing committee found that a commingling and conversion of client funds had occurred, but that respondent had no deceitful motive. The committee recommended a 60 day suspension. The disciplinary board agreed with the hearing committee’s findings of fact, but recommended a six month suspension followed by a two year probationary period and certain conditions. The disciplinary counsel objected in this court to the disciplinary board’s recommendations and suggested a suspension of one year and one day.
Upon review of the hearing committee and disciplinary board findings and recommendations, and considering the transcript, record, briefs, and oral argument, it is the decision of this court that the recommendations of the disciplinary board be accepted.
Accordingly, it is ordered that respondent be suspended from the practice of lawj¿for a period of six months, followed by a two year probationary period. It further ordered that during the probationary period, respondent hire a certified public accountant acceptable to the disciplinary counsel, to perform quarterly audits of his trust account and file full written reports of the audits with the disciplinary counsel within fifteen days of the audits being complete. Additionally, it is ordered that respondent earn 6 CLE credit hours in solo practitioner-law office management during the two year probationary period. All costs of these proceedings, including audit expenses, are assessed against respondent.

 Judge Felicia Toney Williams, Court of Appeal, Second Circuit, participating as Associate Justice Pro Tempore, effective September 1, 1994. Hall, J., not on panel. Rule IV, Part 2, § 3.